United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 27, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 04-60753

ELIZABETH GOMEZ,

Petitioner,

VERSUS

ALBERTO R. GONZALES,
UNITED STATES ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals

(A96-103-766)

Before REAVLEY, JOLLY, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Elizabeth Gomez, a native and citizen of Gambia, petitions this Court for review of an order of the Board of Immigration Appeals ("BIA"), dismissing her appeal and affirming an immigration judge's ("IJ") denial of Gomez's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The IJ concluded that although Gomez had been subjected to beatings and harassment by her uncle, the incidents she relayed were sporadic in nature over a period of years and resulted from family relationship, not from her conversion from Islam to the Church of Jesus Christ of Latter Day Saints. Accordingly, the IJ determined that Gomez failed to demonstrate that she had suffered past persecution based on her race, religion, or social group and failed to establish a well-founded fear of future persecution. In dismissing Gomez's appeal and affirming the IJ, the BIA concluded that Gomez failed to show past persecution in Gambia and failed to demonstrate a well-founded fear of persecution based on a protected ground under the Immigration and Nationality Act, 8 U.S.C. § 1158, if she were to return to Gambia. The BIA also determined Gomez failed to establish grounds for withholding of removal or relief under the CAT.

We review the BIA's legal conclusions *de novo* and findings of fact for substantial evidence. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001). "The substantial evidence standard requires only that the BIA's decision be supported by record evidence and be substantially reasonable." *Omagah v. Ashcroft*, 288 F.3d 254, 258 (5th Cir. 2002). Under this standard, this Court will reverse the BIA's decision only if evidence compels the contrary conclusion. *See Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994).

After a thorough review of the briefs, the parties' oral arguments, and the record on appeal, we cannot conclude that the evidence compels a conclusion contrary to that of the BIA. Accordingly, we deny Gomez's petition for review essentially for the reasons provided by the BIA.

**PETITION FOR REVIEW DENIED.**